IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABEL ROMERO,

    Petitioner,

v.                                                         No. 22-cv-0873 RB-GJF

BUREAU OF PRISONS,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Abel Romero's Letter-Petition Regarding Sentence Calculation. (Doc. 1.) Petitioner is incarcerated and proceeding *pro se*. He alleges he was eligible for home detention on July 9, 2022, but the Bureau of Prisons (BOP) has not released him from custody. His current release date is January 9, 2023. *See* https://www.bop.gov/inmateloc/. A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a sentence, is construed as a habeas corpus petition under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). Petitioner also challenges the proposed location of his halfway house, but such a decision is generally left to the discretion of the BOP. *See United States v. Hewitt*, No. 13-30073-01 DDC, 2021 WL 3911320, at *1 (D. Kan. Sept. 1, 2021) ("the court generally lacks power over RRC placement decision"); *Akina v. United States*, No. 20-cv-1084 KWR-KRS, 2020 WL 6342776, at *2 (D.N.M. Oct. 29, 2020) (same, and surveying cases).

When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one

district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (noting that "[a] petition brought under 28 U.S.C. § 2241 typically 'attacks the execution of a sentence . . . and must be filed in the district where the prisoner is confined"). Petitioner is confined at FCI Fairton, within the jurisdiction of the United States District Court for the District of New Jersey. *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 110 ("New Jersey constitutes one judicial district"). The Letter-Petition must therefore be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (noting that a "district court has discretion . . . to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir*, 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 F. App'x 96 (10th Cir. 2021). An allegation that the BOP miscalculated earned credit may survive initial review. And, while Petitioner directs his concerns to the sentencing court rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants. The Court therefore finds the Letter-Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the District of New Jersey. Petitioner may or may not be asked to file his claims on the proper § 2241 form, which provides more information, and pay the $5 habeas filing fee in the New Jersey Court. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the District of New Jersey.**

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** this proceeding, including the Letter-Petition Regarding Sentence Calculation (**Doc. 1**), to the United States District Court for the District of New Jersey; and **CLOSE** this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the New Jersey Court.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE